UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x
                                                        :
VIRGILIO[1] HERRERA,                                    :    MEMORANDUM OPINION
                              Petitioner,               :    AND ORDER
                                                             10 Civ. 4522 (JGK)
      -against-                                         :

KENNETH ATKINSON,                                       :
WARDEN,
                              Respondent.               :
--------------------------------------------------------x

JOHN G. KOELTL, United States District Judge:

      Petitioner, presently confined in the Federal Correctional Institution in Miami, Florida, and acting *pro se*, brings the current petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. By order filed June 2, 2010, the United States District Court for the Southern District of Florida adopted the Magistrate Judge's Report and Recommendation stating that the petition appeared to be "in legal effect a motion to vacate, pursuant to 28 U.S.C. § 2255" and transferred the petition to this Court. Herrera v. Atkinson, No. 10 Civ. 21541 (S.D. Fl. 2010) (Report and Recommendation filed May 25, 2010, at 1). For the reasons set forth below, the petition is construed as a motion pursuant to 28 U.S.C. § 2255 to vacate petitioner's conviction in United States v. Rodriguez, No. 93 Cr. 339-5 (S.D.N.Y. 1995), and transferred to the United States Court

---

   [1]Although in the current petition, petitioner spells his first name as "Virigilio," in his criminal proceedings, United States v. Rodriguez, No. 93 Cr. 339-5 (S.D.N.Y. 1995); United States v. Alcaide et al., No. 93 Cr. 340 (S.D.N.Y. Aug. 17, 1995), and his prior motion in this Court to vacate the conviction, Herrera v. United States, No. 97 Civ. 3783, 1998 WL 196233 (S.D.N.Y. Apr. 22, 1998), petitioner's name is listed as "Virgilio." The Court therefore retains the prior spelling for the sake of consistency.

1

of Appeals for the Second Circuit as a successive § 2255 motion.

## Procedural History

On August 14, 1995, judgment was entered in this Court sentencing the petitioner to twenty years' imprisonment for conspiracy to distribute heroin and five years' imprisonment on charges that he used a firearm in violation of 18 U.S.C. § 924(c), to run consecutively. See United States v. Rodriguez, No. 93 Cr. 339-5 (Aug. 14, 1995). The Court also ordered that the petitioner's term of imprisonment should run consecutively to the term of imprisonment imposed on the petitioner in United States v. Alcaide et al., No. 93 Cr. 340 (S.D.N.Y. Aug. 17, 1995) (judgment was entered sentencing petitioner on counts of conspiracy to distribute heroin and conspiracy to import heroin). On direct appeal from the conviction in United States v. Rodriguez, No. 93 Cr. 339 (S.D.N.Y. 1995), the United States Court of Appeals for the Second Circuit affirmed. United States v. Alcaide et al., 100 F.3d 944 (2d Cir. 1996).

On May 23, 1997, the petitioner filed a motion to vacate the conviction pursuant to 28 U.S.C. § 2255. See Herrera v. United States, No. 97 Civ. 3783, 1998 WL 196233 (S.D.N.Y. Apr. 22, 1998). The Court dismissed the § 2255 motion on April 22, 1998. Id.

The petitioner then sought leave in the United States Court of Appeals for the Second Circuit to pursue a second or successive § 2255 motion. By mandate issued December 19, 2001, the Court denied the petitioner's request for leave to pursue such a motion in which the petitioner sought to argue that the rule announced in Apprendi v. New Jersey, 530 U.S. 466, 489-90 (2000), required that his conviction be vacated. See Herrera v. United States, No. 00-3741-pr (2d Cir. 2001). Relying on Tyler v. Cain, 533 U.S. 656 (2001), the Court of Appeals denied his request

2

to bring a second § 2255 motion because the Supreme Court has not made Apprendi retroactively applicable. Id. (citing Forbes v. United States, 262 F.3d 143, 146 (2d Cir. 2001)). The Court of Appeals noted that it "took no position as to petitioner's possible eligibility for Section 2241 relief if a separate petition for such relief were to be filed." Id.[2]

The petitioner next brought a motion for relief from judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure seeking to set aside the judgment dismissing his § 2255 motion. See Herrera v. United States, No. 97 Civ. 3783 (S.D.N.Y. 2003). By order dated July 8, 2003, the Court denied the motion brought pursuant to Fed. R. Civ. P. 60(b). Id.

The petitioner then brought this application, styled as a petition for a writ of *habeas corpus* pursuant to 28 U.S.C. § 2241, in the Southern District of Florida where he is incarcerated. See Herrera v. Atkinson, No. 10 Civ. 4522 (S.D. Fl. 2010). The Court adopted the Magistrate Judge's Report and Recommendation, which provides that "[a] writ of habeas corpus may only be used when the petitioner has demonstrated [that] remedies available under § 2255 are ineffective or unavailable. In this case, the Southern District of New York must determine whether the petitioner is attempting to circumvent the requirements of filing a successive motion, and whether he has failed to ma[k]e the requisite showing." Id. (Report and Recommendation filed May 25, 2010, at 1 n.1).

## Discussion

A petitioner barred from bringing a § 2255 motion may bring a § 2241 petition if it

---

[2] The current petition does not raise any argument based on the Supreme Court's decision in Apprendi v. New Jersey, 530 U.S. 466, 489-90 (2000).

3

"appears that the . . . [§ 2255] motion is inadequate or ineffective to test the legality of his [detention." Triestman v. United States, 124 F.3d 361, 370 (2d Cir. 1997) (quoting 28 U.S.C. § 2255). The Court of Appeals for the Second Circuit has held that § 2255 is inadequate or ineffective when failure to allow collateral review would raise serious constitutional questions because the prisoner "(1) can prove actual innocence on the existing record, and (2) could not have effectively raised their claims of innocence at an earlier time." Cephas v. Nash, 328 F.3d 98, 104 (2d Cir. 2003) (internal quotation marks omitted). In the current application, the petitioner alleges that he is actually innocent of the conviction for using a firearm based on the Supreme Court's decision in Bailey v. United States, 516 U.S. 137 (1995). He alleges that Bailey stands for the proposition that a defendant cannot be convicted of using a firearm under 18 U.S.C. § 924(c) unless he "'actively' employed the weapon in the commission of a drug crime, such as brandishing, displaying, bartering, striking with or most obviously, firing or attempting to fire it." Pet'r's Mem. at 6.

      The petitioner notes that the Court of Appeals for the Second Circuit vacated the conviction for using or carrying a firearm for petitioner's co-defendant, Juan Vasquez. The Court of Appeals for the Second Circuit found that the erroneous jury instruction on the "use" of a firearm was not harmless where the evidence permitted the jury to find that the gun was either in the defendant's apartment or on his person. See Vasquez v. United States, 516 U.S. 1037 (1996) (vacating judgment and remanding in light of Bailey v. United States, 516 U.S. 137 (1995)); United States v. Vasquez, 85 F.3d 59 (1996) (holding that because "we are unable to determine whether the verdict rested on a legally sufficient theory and the verdict is not the functional

4

equivalent of a necessary finding of 'carrying,' we agree . . . that the firearm conviction must be vacated."). The petitioner alleges that "[t]hese were the same jury instruction[s] submitted to Herrera's jury," Pet'r's Mem. at 10, because the petitioner and Vasquez "went to trial together," id. at 16.

The petitioner appears to make two arguments that he was "actually innocent" of the conviction under 18 U.S.C. § 924(c). First, he contends that, before Bailey, the wiretap recording of his phone call to his wife stating that "we were shooting like fifty times," might have been "enough for a reasonable jury to conclude beyond a reasonable doubt that . . . Herrera might have fired a gun, but it was not enough evidence to 'sustain' a conviction after Bailey was decided." Id. at 12-13. Second, he contends that the evidence was insufficient to establish that the alleged shoot-out was "during and in relation to a drug trafficking offense" because it "was a result of an argument between Anthony Reyes (a co-defendant of Petitioner) and a Dominican cab driver which occurred at approximately 1:00 a.m., which did not have [any]thing to do with drugs whatsoever." Pet'r's Mem. at 13.

The exception for cases in which a § 2255 motion may be deemed "inadequate or ineffective" does not create an opportunity to make an end run around § 2255 whenever "a prisoner cannot meet the AEDPA's [Antiterrorism and Effective Death Penalty Act of 1996] gate-keeping requirements." Jiminian v. Nash, 245 F.3d 144, 147 (2d Cir. 2001). The fact that a § 2255 motion is now unavailable to petitioner does not raise serious constitutional questions because petitioner makes no sufficient argument that he could not have raised his claims at an earlier time. See Love v. Menifee, 333 F.3d 69, 73 (2d Cir. 2003) (holding that savings clause

does not apply where petitioner is "raising a claim that he or she could have raised on direct review or in an earlier section 2255 motion."); Cephas, 328 F.3d at 105 (finding where an applicant "raises claims that clearly could have been pursued earlier, . . . then the savings clause of § 2255 is not triggered").

The petitioner contends that he did not raise these claims earlier because his counsel was ineffective.  A review of the public records reflect that the arguments that petitioner now makes were specifically considered and rejected by the Second Circuit on direct appeal, United States v. Acaide, Nos. 95 Civ. 1488, 1489, 1996 WL 75757, at *2 (2d Cir. Feb. 20, 1996) (holding post-Bailey that Herrera "contends that there was insufficient evidence that Herrera used a gun, and that (assuming he did use a gun) such use was in connection with a narcotics trafficking offense. We disagree."), and by the district court in denying petitioner's motion under Federal Rule of Civil Procedure 60(b).  Herrera v. United States, No. 93 Cr. 340 (S.D.N.Y. 2003) (noting that "Herrera claims that, in light of the Supreme Court's decision in Bailey v. United States, 516 U.S. 137 (1995), there was insufficient evidence to sustain the charge that he used a firearm in connection with a narcotics offense . . ." and rejecting claim).  The petitioner therefore has failed to allege adequately that he can "prove actual innocence on the existing record" and that he "could not have effectively raised [his] claim of innocence at an earlier time." Cephas, 328 F.3d at 104 (internal quotation marks omitted).  The allegations of the current petition thus fail to establish that a § 2255 motion is "inadequate or ineffective" to test the legality of petitioner's detention, and § 2241 cannot be invoked.

**Recharacterization and Transfer of Petition**

"[I]f the necessary showing cannot be made, § 2241 cannot be invoked, and the district court must either dismiss the habeas petition for lack of jurisdiction or recast it as a § 2255 motion." Cephas, 328 F.3d at 104. Because the petitioner fails to meet the standards under which a § 2241 petition is available, the current submission is properly construed as a motion pursuant to 28 U.S.C. § 2255. See Herrera v. United States, No. 97 Civ. 3783 (S.D.N.Y. 1998) (dismissing petitioner's first § 2255 motion on the merits); Jiminian, 245 F.3d at 148 (holding that notice to litigant before construing application as § 2255 motion is not required if prior petition was filed and dismissed on the merits).

As such, this new § 2255 motion is a second or successive application which must comply with 28 U.S.C. § 2244(b)(3)(A). This section provides that:

> [b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

Subsection C of the same statute directs:

> [t]he court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection.

28 U.S.C. § 2244(b)(3)(C).

Any motion to the Court of Appeals seeking authorization must show that the new claim being raised relies on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable," 28 U.S.C. § 2255(h)(2); or

> newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the underlying

7

 offense.

28 U.S.C. § 2255(h)(1).  In this Circuit, district courts transfer second or successive applications to the appropriate court of appeals for certification, or any other direction, in the interest of justice. Liriano v. United States, 95 F.3d 119, 122-23 (2d Cir. 1996) (per curiam) (citing 28 U.S.C. § 1631). Accordingly, insofar as the petitioner seeks to pursue this application, he must move in the appropriate court of appeals for permission to do so.  See Liriano, 95 F.3d at 122-23.

## Conclusion

The Clerk of Court is directed to transfer this matter to the Court of Appeals for the Second Circuit in the interest of justice. 28 U.S.C. § 1631; see also Liriano, 95 F.3d at 122-23. This order closes this case. Because the petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. 28 U.S.C. § 2253(c); Lozada v. United States, 107 F.3d 1011, 1016-17 (2d Cir. 1997), abrogated on other grounds by United States v. Perez, 129 F.3d 255 (2d Cir. 1997). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

The Court of Appeals for the Second Circuit may wish to consider whether any relief is appropriate in this case in view of the fact that the defendant was convicted of a firearms offense which resulted in a mandatory minimum sentence that was consecutive to the sentence for his narcotics offense. The validity of the mandatory minimum in these circumstances is under review by the Supreme Court of the United States. See United States v. Abbott, 574 F.3d 203 (3d Cir. 2009), cert granted, 130 S. Ct. 1283 (2010); United States v. Gould, 329 F. App'x 569 (5th Cir. 2009), cert granted, 130 S. Ct. 1283 (2010).

SO ORDERED:

_____
JOHN G. KOELTL
United States District Judge

Dated: June 26, 2010
       New York, New York